IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY EARL HALL, #103508, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:12-CV-79-TMH |
| | ) [WO] |
| | ) |
| DONOVAN ARIAS, et al., | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Jimmy Earl Hall ["Hall"], a state inmate, complains officers with the Houston County Sheriff's Department entered into a conspiracy with his former cell mate to have him killed and effectuate a conviction against him for conspiracy/solicitation to commit murder. *Amended Complaint - Doc. No. 7* at 2-6. Hall complains the alleged conspiracy violated his constitutional rights and maintains he is currently "incarcerated for a crime that was manufactured by the same facts that involves this cause of action." *Id*. at 5. Hall seeks criminal prosecution of the defendants under both federal and state law. *Id*. at 8. He also requests monetary damages from the defendants for "conspiring and violating his constitutional rights." *Id*.

Upon review of the complaint and in accordance with applicable federal law, the court concludes dismissal of this case prior to service of process is appropriate under 28

U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II.  DISCUSSION

### A.  Request for Prosecution Under State Law

Hall demands prosecution of the defendants for criminal conspiracy in violation of Ala. Code § 13A-4-3.  A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981).  Consequently, Hall has no constitutionally protected interest in the criminal prosecution of the defendants and this request for relief is therefore due to be dismissed in compliance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Claims Under 18 U.S.C. § 241 and § 242

Hall seeks relief for alleged criminal actions which he contends violated his constitutional rights as prohibited by 18 U.S.C. § 241 and § 242.  This request for relief, however, is subject to summary dismissal.  "Title 18 U.S.C. § 241 is a statute that criminalizes conspiracies against a person's rights under the Constitution or laws of the United States.  There is no private right of action under this criminal statute. *Risley v. Hawk*, 918 F.Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997); *Dugar*

---

[1] The court entered an order granting Hall leave to proceed *in forma pauperis* in this cause of action. *Order of January 27, 2012 - Doc. No. 2*.  Despite Hall's payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D. N.Y. 1985). Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States. The statute does not create a private cause of action. *Powers v. Karen*, 768 F.Supp. 46, 51 (E.D.N.Y. 1991), *aff'd*, 963 F.2d 1552 (2nd Cir. 1992); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985)." *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex 1997); *Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C 2003) (plaintiff foreclosed "from asserting claims pursuant to 18 U.S.C. §§ 242 and 371 because, as criminal statutes, they do not convey a private right of action.... Therefore, the Court must dismiss the plaintiff's claims that have been brought pursuant to 18 U.S.C. §§ 242 and 371.")

In light of the foregoing, it is clear Hall is precluded from obtaining relief under 18 U.S.C. § 241 and § 242 "because, as criminal statutes, they do not convey a private right of action" nor do they authorize an individual to initiate criminal proceedings. *Gipson*, 18 F.Supp.2d at 668; *Rockefeller*, 248 F.Supp.2d at 23. Hall's claims arising under these criminal statutes are therefore subject to dismissal as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### C. Challenge to Plaintiff's Conviction

It is well established that "42 U.S.C. § 1983 ... is the civil side of sections 18 U.S.C. §§ 241, 241." *Williams v. Allen*, 439 F.2d 1398, 1400 (5th Cir. 1971); *see also Rowe v. Fort*

3

*Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002)("Conspiring to violate another's constitutional rights violates section 1983."). However, to the extent the complaint raises a conspiracy claim under 42 U.S.C. § 1983, Hall is entitled to no relief at this time.

Hall asserts the conspiracy about which he complains resulted in his criminal conviction and current incarceration. *Amended Complaint - Doc. No. 7* at 5. The claims set forth by Hall regarding a conspiracy therefore implicate the validity of a conviction and sentence imposed upon him by the Circuit Court of Houston County, Alabama and, hence, provide no basis for relief in this cause of action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action

4

existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

The claims raised in the instant complaint address the constitutionality of a conviction and resulting sentence imposed on Hall by the Circuit Court of Houston County, Alabama. A judgment in favor of Hall on these claims would necessarily imply the invalidity of this conviction and sentence. Consequently, the instant claims constitute a collateral attack under § 1983 on the conviction and sentence imposed upon Hall. It is clear from the complaint that the conviction and sentence to which Hall's claims relate

5

have not been invalidated in appropriate proceedings. Thus, this collateral attack is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok* 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims for criminal prosecution of the defendants under federal and state law be dismissed with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. To the extent the complaint presents claims which implicate the constitutionality of a conviction and sentence imposed upon the plaintiff by the Circuit Court of Houston County, Alabama, the complaint be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

3. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that **on or before April 3, 2012**, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of March, 2012.

                /s/Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE